JS 44 (Rev. 07/16)

# CIVIL COVER SHEET

16-W-6681

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Christopher J. Cecchine

**DEFENDANTS**
Commnity Education Centers, Inc.

**(b)** County of Residence of First Listed Plaintiff: Delaware County, Pennsylvania
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: Essex County, New Jersey
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
James Donovan
317 Davisville Road Willow Grove, PA 19090 (215) 681-1831

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☐ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☒ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | **LABOR** | ☐ 840 Trademark | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | **PERSONAL PROPERTY** ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☒ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| | | | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 550 Civil Rights | ☐ 465 Other Immigration Actions | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding ☐ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from Another District *(specify)* ☐ 6 Multidistrict Litigation - Transfer ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:

Brief description of cause:
Negligence in providing medical treatment at prison facility.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
**DEMAND $** 200,000.00
CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DEC 29 2016

DATE 12/29/2016
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

# UNITED STATES DISTRICT COURT

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.**

Address of Plaintiff: 1429 S. Keystone Avenue Upper Darby, PA 19082-3502

Address of Defendant: 35 Fairfield Place West Caldwell NJ 07006

Place of Accident, Incident or Transaction: George W. Hill Correctional Facility 500 Cheyney Road Glen Mills, PA 19342
(Use Reverse Side For Additional Space)

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))   Yes☐  No☑

Does this case involve multidistrict litigation possibilities?   Yes☐  No☑

RELATED CASE, IF ANY:
Case Number: _____  Judge _____  Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes☐  No☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes☐  No☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
   Yes☐  No☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
   Yes☐  No☑

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases*:
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify) _____

B. *Diversity Jurisdiction Cases*:
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☑ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
   (Please specify) Negligence

## ARBITRATION CERTIFICATION
*(Check Appropriate Category)*

I, James M. Donovan, Esq., counsel of record do hereby certify:
☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;
☐ Relief other than monetary damages is sought.

DATE: 12/29/2016   _____ Attorney-at-Law   68443 Attorney I.D.#

**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 12/29/2016   _____ Attorney-at-Law   68443 Attorney I.D.#

CIV. 609 (5/2012)

DEC 29 2016

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**CASE MANAGEMENT TRACK DESIGNATION FORM**

| | | |
|---|---|---|
| CHRISTOPHER CECCHINE | : | CIVIL ACTION |
| v. | : | |
| COMMUNITY EDUCATION CENTERS, INC. | : | NO. 16 6681 |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.    ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.    ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.    ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.    ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)    ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.    (X)

| | | |
|---|---|---|
| December 29, 2016 | James Donovan, Esq. | Plaintiff |
| **Date** | **Attorney-at-law** | **Attorney for** |
| (215) 494-7376 | (215) 494-7295 | jdonovan1918@comcast.net |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

DEC 29 2016

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHRISTOPHER J. CECCHINE | : |
| | : |
| Plaintiff, | : CIVIL ACTION NO. |
| | : |
| v. | : |
| | : JURY TRIAL DEMANDED |
| COMMUNITY EDUCATION | : |
| CENTERS, INC. | : |
| Defendant. | : |

## COMPLAINT IN CIVIL ACTION

Plaintiff, Christopher J. Cecchine, by and through his attorney of record, James. M Donovan, Esq., for his cause of action alleges that:

### PARTIES

1. Plaintiff Christopher J. Cecchine (Plaintiff) is a single male resident of the Commonwealth of Pennsylvania and resides at 1429 S. Keystone Ave., Upper Darby, PA 19082-3502.

2. Defendant Community Education Centers, Inc. (Defendant) is a New Jersey corporation who owns and operates the Delaware County private-prison, George W. Hill Correctional Facility, with its principal place of business located at 35 Fairfield Place, West Caldwell, New Jersey 07006.

**JURISDICTION**

3. Plaintiff brings his complaint under federal diversity jurisdiction, 28 U.S.C. § 1332, as the parties are completely diverse in citizenship and the amount in controversy exceeds $75,000.00.

**FACTS**

4. On or about October 14, 2014, Plaintiff suffered a severe laceration to his head and a displaced fracture to his right foot as a result of a slip and fall that occurred to his residence.

5. As a result of this injury, Plaintiff remained as an inpatient at Delaware County Memorial Hospital for four (4) days and received fourteen (14) staples to repair the laceration in his head in addition to his right foot being placed in a cast, "walking boot", and crutches.

6. Upon discharge, Plaintiff was given instructions upon his discharge to follow-upwith Eugene Elia, M.D. of Premier Orthopedics to schedule surgery to repair the fractures of the second (2nd) and third (3rd) metatarsals of his right foot.

7. On or about October 27, 2014, a detainer was lodged against Plaintiff by Officer Jean Kearney of the Delaware County Adult Probation and Parole Department due to a probation violation and, on that date, was taken into custody and incarcerated at George W. Hill Correctional Facility.

8. On or about October 29, 2014, two (2) days after being detained, the correctional facility medical personnel removed the staples from Plaintiff's scalp at the facility's medical unit.

9. On or about October 30, 2014, Plaintiff's right foot was x-rayed by correctional facility medical personnel in the facility's medical unit and remained in the medical unit for two (2) days after being x-rayed.

10. On or about November 2, 2014, the attending physician notified Plaintiff that he had two (2) broken bones in his right foot but the correctional facility's medical unit would take no further steps to repair Plaintiff's right foot or attempt to remedy the injury on a temporary basis.

11. On or about November 2, 2014, Plaintiff was discharged from the medical unit into the general population with only facility-issued shoes to walk in and without his "walking boot" (which had been confiscated). Plaintiff remained in the general population for a period of six (6) weeks without medical attention.

12. On November 13, 2014, Plaintiff, undersigned counsel, and Officer Jean Kearney appeared before Master David Katch for Plaintiff's Gagnon I hearing. After the full hearing, Master Katch rescinded Plaintiff's detainer and Bench Warrant subject to Plaintiff's completion of a Drug and Alcohol Evaluation.

13. In, or about the latter part of, November 2014, Plaintiff underwent his Drug and Alcohol Evaluation. The evaluation recommended that Plaintiff undergo thirty (30) days of inpatient treatment.

14. During his thirty (30) day court-ordered inpatient treatment, Plaintiff's right foot was against x-rayed. Plaintiff was then informed by medical staff at the inpatient rehabilitation facility that the bones in his right foot had fused improperly, thereby causing him excruciating pain, and there was nothing the medical staff could do other than to issue him a new "walking boot".

15. Plaintiff was paroled from the inpatient rehabilitation facility on or about December 30, 2014.

16. On or about March 3, 2015, Plaintiff was examined by Dr. Eugene Elia in his Havertown, Pennsylvania office where another x-ray was taken of Plaintiff's right foot. Plaintiff was advised by Dr. Elia that the damage to his right was now permanent and the only available option would be for surgical staff to re-break his right foot and surgically repair the bones that were permitted to fuse improperly.

17. Since March 3, 2015, Plaintiff has been advised that the suggested surgery is extremely risky and one in which Dr. Elia's surgical staff would be unwilling to perform due to the potential malpractice liability.

## COUNT I – NEGLIGENCE

18. Plaintiff, Christopher J. Cecchine, hereby incorporates paragraphs one (1) through seventeen (17) as if such were set forth at length.

19. At all times mentioned, George W. Hill Correctional Facility was and remains an agent, servant and/or employee of Defendant acting under the authority of the Defendant, a New Jersey corporation.

20. At all time mentioned, the physicians and medical personnel at George W. Hill Correctional Facility were and remain agents, servants, and/or employees of Defendant acting under the guidelines and authority of the Defendant, a New Jersey corporation.

21. At all times mentioned, Defendant's agent George W. Hill Correctional Facility acted negligently in their treatment and temporary remediation of Plaintiff's medical issues, namely the fractures of the second (2nd) and third (3rd) metatarsals in Plaintiff's right foot, by failing to provide any type of medical treatment to Plaintiff.

22. At all times mentioned above in which Plaintiff was in the care of Defendant's facility, George W. Hill Correctional Facility, Plaintiff was examined and failed to be treated by the facility's physicians, creating a doctor-patient relationship and requiring the heightened duty based on the physicians' relationship with Plaintiff and the required duty of care.

23. At all times mentioned above in which Plaintiff was in the care of Defendant's facility, George W. Hill Correctional Facility, Defendant, by and through their physicians, owed a duty to Plaintiff to provide the standard of care and treatment with the degree of skill, care, and diligence as possessed by or expected of a reasonably competent physician under the same or similar circumstances. The circumstances are defined as being in the area of medicine in which the physician practices, the customary or accepted practices of other physicians in the area, the level of equipment and facilities available, and the exigent circumstances, if any.

24. By failing to provide any treatment or temporary remedy for relief of Plaintiff's right foot injury, Defendant, through its agents the physicians at George W. Hill Correctional Facility, breached its duty owed to Plaintiff to provide medical treatment under the standard of care owed.

25. As a direct and proximate cause of the inactions of Defendant's agents, the physicians at George W. Hill Correctional Facility, Plaintiff has suffered extensive and irreversible injury to his right foot, severely and permanently injuring Plaintiff.

26. The injuries Plaintiff has suffered are permanent in nature. The Plaintiff has suffered great physical and mental pain and anguish, and in all reasonable

probability, will continue to suffer in this manner for a long time in the future, if not for the balance of his natural life.

27. As a further result of the above negligent action by Defendant, by and through its agents, Plaintiff has incurred substantial medical expenses for medical care and attention and will continue to incur additional medical expenses into the foreseeable future.

28. In addition, Plaintiff has suffered economic injury and will likely continue to suffer such economic injury.

WHEREFORE, Plaintiff demands judgment against Defendant for compensatory damages, costs of suit, attorneys' fees, and for such other relief as the court may deem proper under the circumstances.

## JURY TRIAL DEMAND

Plaintiff hereby demands trial by jury as to all issues in the above matter.

Respectfully submitted:

DATED: December 28, 2016

JAMES M. DONOVAN, ESQUIRE
*Attorney for Defendant, Christopher J. Cecchine*
Attorney I.D. #68443
**Law Office of James M. Donovan, PC**
317 Davisville Road
Willow Grove, PA 19090-3330
Tel. #: (215) 494-7376
Fax #: (215) 494-7295
E-Mail: jdonovan1918@comcast.net